IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| ALLIED INSURANCE COMPANY<br>OF AMERICA,<br><br>      Plaintiff,<br><br>v.<br><br>SHAN, LLC,<br>    Serve:  Registered Agent Wendy Beard<br>           113 S. Mahaffie St.<br>           Olathe, KS 66061<br><br>      Defendant. | Case No.: |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff, Allied Insurance Company of American ("Allied"), by and through the undersigned counsel, pursuant to 28 U.S.C. § 2201 and Rule 57 of the Federal Rules of Civil Procedure, and for its Complaint for Declaratory Judgment, hereby states as follows:

### PARTIES, JURISDICTION, and VENUE

1. Allied is a domestic insurance company incorporated, organized, and existing under the laws of the State of Ohio, with its principal place of business in the State of Ohio, such that it is a corporate citizen of the State of Ohio.

2. Shan, LLC ("Shan") is a limited liability company organized and existing under the laws of the State of Kansas, with its principal place of business in the State of Kansas. Upon information and belief, the member(s) who own(s) Shan is (are) residents of the State of Kansas. Therefore, Shan is a corporate citizen of the State of Kansas. Service upon Shan can be effectuated upon its registered agent, Wendy Beard, 113 S. Mahaffie St., Olathe, KS 66061.

3. Jurisdiction is proper with this Court pursuant to 28 U.S.C. § 2201 because Allied is seeking a determination of its rights and obligations under a policy of insurance issued to Shan.

Jurisdiction is also proper with this Court pursuant to 28 U.S.C. § 1332(a) because the parties are of diverse citizenship and the amount in controversy exceeds Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

4.      Venue is proper with this Court pursuant to 28 U.S.C. § 1391 because the Defendant Shan, LLC resides in this District.

## GENERAL ALLEGATIONS

5.      Allied brings this action seeking an interpretation of an insurance policy and a declarations of its rights and obligations thereunder.

6.      Allied issued to Shan as named insured a commercial businessowners insurance policy, Policy No. ACP BPRL 3007854406, with effective dates of August 4, 2016 to August 4, 2017 (the "Policy"). A copy of the Policy is attached hereto as Exhibit A and is incorporated by reference as if fully set forth herein.

7.      Subject to its terms, conditions, definitions, limitations, and exclusions, the Policy provides first party property damage coverage for Shan's buildings located at 151 and 153-177 W. U.S. Highway 24, Independence, MO 64050 (the "Insured Buildings").

8.      The Policy contains the following relevant provisions, among others:

\*\*\*

**PREMIER BUSINESSOWNERS**
**PROPERTY COVERAGE FORM**
…

Throughout this policy the words "you" and "your" refer to the Named Insureds shown in the Declarations. The words "we", "us" and "our" refer to the Company providing this insurance. …

**A.    COVERAGES**
We will pay for direct physical loss of or damage to Covered Property at the described premises in the Declarations caused by or resulting from any Covered Cause of Loss.

**1.    COVERED PROPERTY**

> Covered Property includes Buildings as described under paragraph a. below, … depending on whether a Limit of Insurance is shown in the Declarations for that type of property. …
> 
> a. **Buildings**, meaning the described buildings and structures at the described premises …
> 
> …
> 
> **3. COVERED CAUSES OF LOSS**
> 
> This Coverage Form insures against direct physical loss unless the loss is:
> 
> a. Excluded in Section B. EXCLUSIONS;
> b. Limited in paragraph A.4. LIMITATIONS in this section; or
> c. Limited or excluded in Section E. PROPERTY LOSS CONDITIONS or Section F. PROPERTY GENERAL CONDITIONS.
> 
> **4. LIMITATIONS**
> 
> a. We will not pay for loss of or damage to:
> 
> …
> 
> (6) The interior of any building or structure, or to personal property in the building or structure, caused by or resulting from rain, snow, sleet, ice, sand or dust, whether driven by wind or not, unless;
> 
> (a) The building or structure first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain, snow, sleet, ice, sand or dust enters; or
> 
> (b) The loss or damage is caused by or results from thawing of snow, sleet or ice on the building or structure.
> 
> …
> 
> **B. EXCLUSIONS**
> 
> …
> 
> 2. We will not pay for loss or damage caused by or resulting from any of the following:
> 
> …
> 
> k. **Neglect**
> 
> Neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.
> 
> l. **Other Types Of Loss**
> 
> (1) Wear and tear;
> (2) Rust or other corrosion, decay, deterioration, hidden or latent defect or any quality in property that causes it to damage or destroy itself;
> 
> …
> 
> (4) Settling, cracking, shrinking or expansion;
> 
> …
> 
> But if an excluded cause of loss that is listed in paragraphs (1) through (7) above results in a "specified cause of loss" … we will pay for the loss or damage caused by that "specified cause of loss" …
> 
> …
> 
> 3. We will not pay for loss or damage caused by or resulting from any of the following B.3.a. through B.3.c. But if an excluded cause of loss that is listed in B.3.a. through

B.3.c results in a Covered Cause of Loss, we will pay for the loss or damage caused by that Covered Cause of Loss.

…

c. **Negligent Work**

Faulty, inadequate or defective:

…

(2) Design, specifications, workmanship, work methods, repair, construction, renovation, remodeling, grading, compaction, failure to protect the property;

(3) Materials used in repair, construction, renovation or remodeling; or

(4) Maintenance;

of part or all of any property on or off the described premises.

…

**E. PROPERTY LOSS CONDITIONS**

…

2.[1] **Appraisal**

If we and you disagree on the value of the property or the amount of loss, either may make written demand for an appraisal of the loss. In this event, each party will select a competent and impartial appraiser and notify the other of the appraiser selected within 20 days of the written demand for appraisal. The two appraisers will select an umpire. If they cannot agree upon an umpire within 15 days, then, on request of the insured or this company, such umpire shall be selected by a judge of a court of record in the state and county (or city if the city is not within a county) in which the property covered is located. The appraisers will state separately the value of the property and amount of loss. If they fail to agree, they will submit their differences to the umpire. The umpire shall make an award within 30 days after the umpire receives the appraisers' submissions of their differences. A decision agreed to by any two will be binding. Each party will:

a. Pay its chosen appraiser; and
b. Bear the other expenses of the appraisal and umpire equally.

If there is an appraisal, we will still retain our right to deny the claim.

3. **Duties In The Event Of Loss Or Damage**

a. You must see that the following are done in the event of loss of or damage to Covered Property:

…

(2) Give us prompt notice of the loss or damage. Include a description of the property involved.

(3) As soon as possible, give us a description of how, when and where the loss or damage occurred.

(4) Take all reasonable steps to protect the Covered Property from further damage. …

…

---

[1] Per endorsement PB 90 24 11 14.

    **F.**    **PROPERTY GENERAL CONDITIONS**

…

        4.    **Policy Period, Coverage Territory**
Under this form:
    a.    We cover loss or damage commencing:
        (1)    During the policy period shown in the Declarations;

…

    **H.**    **PROPERTY DEFINITIONS**

…

        23.    "**Specified Causes of Loss**" means the following:
… hail …

        \*\*\*

    9.    On or about March 6, 2017, Shan claims that the Insured Buildings were damaged by hail.

    10.    It was not until June 16, 2020 that Shan first notified Allied of its claim under the Policy for the alleged hail damage.

    11.    Allied investigated the claim and inspected the Insured Buildings soon thereafter.

    12.    Following the investigation, Allied determined that a covered hail event caused minor damage to the Insured Buildings' coping, A/C unit fans, downspouts and vent caps on the roofs. It was also determined that there were other issues with the Insured Buildings' roofs, as well as interior water damage at the Insured Buildings, that were not caused by a covered hail event during the policy period but were instead caused by deterioration, wear and tear, faulty workmanship, faulty repairs, and faulty maintenance, excluded causes under the Policy.

    13.    On or about August 26, 2021, Allied advised Shan that it would provide coverage for the aforementioned coping, A/C unit fans, downspouts, and vent caps, but that the other aspects of damage to the Insured Buildings were not caused by a covered hail event and were excluded from coverage under the Policy. A copy of this correspondence is attached hereto as Exhibit B.

14.     On or around that same date, Allied mailed to counsel for Shan a check in the amount of $11,281.06, representing payment for the costs of repairing or replacing the aforementioned coping, A/C unit fans, downspouts, and vent caps.

15.     On or about September 24, 2020, Shan and/or its attorneys cashed the aforementioned check.

16.     On or about November 19, 2020, counsel for Shan demanded from Allied payment under the Policy for the alleged hail loss in the amount of $243,649.76.

17.     At or around the same date, counsel for Shan provided an estimate for repairs which included the costs for repairing or replacing the roofs of the Insured Buildings, and the costs of repairing or replacing interior water damage in the Insured Buildings.

18.     Allied continued its investigation, but came to the same conclusion as before: that any damage to the Insured Buildings' roofs and the interior of the Insured Buildings was not caused by a covered hail event during the policy period, but instead was caused by deterioration, wear and tear, faulty workmanship, faulty repairs, and faulty maintenance, excluded causes under the Policy. A copy of the correspondence sent by Allied in this regard on December 16, 2020 is attached hereto as Exhibit C.

19.     On September 3, 2021, counsel for Shan advised that Shan demanded appraisal of the loss under the Policy.

20.     On or about September 23, 2021, counsel for Allied advised Shan's counsel that appraisal was inappropriate since the parties' dispute concerned the scope of coverage, as opposed to the valuation of covered damage. A copy of this letter sent by Allied's counsel is attached hereto as Exhibit D.

**DECLARATORY JUDGMENT**

21. An actual case or controversy of a judiciable nature exists between Allied and Shan concerning the rights and obligations of each party under the Policy, and litigation as to this controversy is inevitable and imminent.

22. The resolution of the matters raised in this Complaint for Declaratory Judgment will dispose of all issues and disputes between the parties.

23. All necessary and proper parties are before the Court with respect to the matters in controversy.

24. Allied has no adequate remedy at law.

**Damages not covered pursuant to Policy exclusions and limitations**

25. Exclusion B.2.l. of the Policy excludes coverage for damage that is caused by, among other things, wear and tear, deterioration, and cracking.

26. The damage to the Insured Buildings for which Shan seeks coverage under the Policy was not caused by hail, but instead was caused by wear and tear, deterioration, and cracking.

27. Accordingly, exclusion B.2.l. bars coverage for Shan's claims under the Policy.

28. Exclusion B.3.c of the Policy excludes coverage for damage that is caused by, among other things, faulty or defective workmanship, repair, construction, and maintenance.

29. The damage to the Insured Buildings for which Shan seeks coverage under the Policy was not caused by hail, but instead was caused by faulty or defective workmanship, repair, construction, and maintenance.

30. Accordingly, exclusion B.3.c. bars coverage for Shan's claims under the Policy.

31. The Policy's conditions state that coverage applies only to damage that commences during the policy period.

32. To the extent there is any hail damage to the Insured Buildings, Allied's investigation has revealed that said hail damage occurred several years prior to the policy period.

33. Accordingly, to the extent that any hail damage to the Insured Buildings occurred prior to the policy period, the Policy does not afford coverage for that damage.

34. Limitation A.4.a.(6). of the Policy bars coverage for damage to the interior of any building caused by or resulting from rain, unless the building first sustains damage by a Covered Cause of Loss to its roof or walls through which the rain enters.

35. The hail damage to the Insured Buildings' coping, A/C unit fans, downspouts, and vent caps did not create a hole or condition through which rain could enter the Insured Buildings.

36. The rain which Shan has alleged to have entered the Insured Buildings and caused interior water damage did not enter the Insured Buildings through damage caused by a Covered Cause of Loss, but instead entered through damage that is excluded under the Policy, such as wear and tear, deterioration, and improper construction work and maintenance.

37. Accordingly, limitation A.4.a.(6) of the Policy bars coverage for Shan's claims under the Policy.

38. Alternatively, in the event it is determined that the damage to the Insured Buildings for which Shan seeks coverage were caused by a covered hail event during the policy period, exclusion B.2.k. of the Policy excludes coverage for damage caused by the neglect of an insured to use all reasonable means to save and preserve property from further damage at and after the time of loss.

39. In the event it is determined that the damage to the Insured Buildings for which Shan seeks coverage were caused by a covered hail event during the policy period, Shan failed to

take any reasonable means to save and preserve the property from further damage by doing nothing to repair the alleged loss for over three years following the alleged hailstorm.

40. Accordingly, in the event it is determined that the damage to the Insured Buildings for which Shan seeks coverage were caused by a covered hail event during the policy period, exclusion B.2.k. bars coverage for Shan's claims under the Policy.

## Shan provided untimely notice of the alleged loss

41. Shan first notified Allied of the alleged loss on June 16, 2020.

42. Shan alleges that the date of loss was on or about March 6, 2017.

43. The Policy imposes upon Shan a duty to give Allied prompt notice of the alleged loss, and to give a description of when the alleged loss occurred as soon as possible.

44. By failing to report the alleged loss to Allied until more than three years after the alleged hail occurrence, Shan has breached the loss reporting requirements of the Policy.

45. Allied was prejudiced by Shan's three-year delay in reporting the alleged loss. The three-year delay adversely affected Allied's ability to investigate the cause and nature of the alleged loss to the Insured Buildings.

## Appraisal is improper at this time

46. As set forth above, there remains a genuine dispute regarding the scope of coverage in this matter.

47. When there are issues regarding the scope of coverage, rather than the valuation of covered damages, appraisal is not appropriate. *See Am. Family Mut. Ins. Co. v. Dixon*, 450 S.W.3d 831 (Mo. App. E.D. 2014).

48. Therefore, in light of the dispute concerning the scope of applicable coverage under the Policy, appraisal as demanded by Shan on September 3, 2021 is not appropriate at this time.

WHEREFORE, Plaintiff Allied Insurance Company of America respectfully requests this Court to declare the rights and obligations of the parties under the Policy and to enter judgment in favor of Allied and against Defendant Shan, LLC, adjudging and declaring that:

A. There is no coverage under the Policy for Shan's claimed loss due to the applicability of the Policy's exclusions, limitations, and conditions;

B. There is no coverage under the Policy for Shan's claimed loss due to Shan's failure to provide Allied timely notice of the alleged loss;

C. Appraisal is inappropriate at this time; and

D. Allied is entitled to such further relief as the Court deems just and proper under the circumstances.

                                                           Respectfully submitted,

                                                           */s/ Russell F. Watters*
                                                           Russell F. Watters, KSD# 78878
                                                           Timothy J. Wolf, KS# 26081 KSD# 78289
                                                           Brown & James, P.C.
                                                           800 Market Street, Suite 1100
                                                           St. Louis, Missouri 63101
                                                           314-421-3400
                                                           314-421-3128 (fax)
                                                           rwatters@bjpc.com
                                                           twolf@bjpc.com
                                                           *Attorneys for Plaintiff Allied*

26517153